UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-274-FDW

| | |
|---|---|
| CLIFF NATHANIEL WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| JIM SCHICK, Superintendent, ) | |
| Haywood Detention Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1).

### I. BACKGROUND

Pro se Plaintiff Clifford Nathaniel Warren, a North Carolina state court inmate currently incarcerated at Mountain View Correctional Institution, filed this action on October 16, 2013, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as the sole Defendant Jim Schick, identified as the Superintendent of the Haywood County Detention Center ("the jail"). Plaintiff alleges that while he was a pre-trial detainee in the jail, Defendant subjected Plaintiff to inhumane prison conditions and excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.[1] More specifically, Plaintiff alleges:

---

[1] Because Plaintiff was a pre-trial detainee while at the jail, the due process clause of the Fourteenth Amendment, rather than the cruel and unusual punishment clause of the Eighth Amendment, applies to Plaintiff's claim. As a practical matter, however, courts do not distinguish between the Eighth and Fourteenth Amendments in the context of pre-trial detainees'

1

> [O]n July 31, 2013, at around 6:30 p.m. in cell #B-10 in the Haywood County Jail in Waynesville, N.C. Jim Schick ordered his officers to place me in four-point restraints with the chain that connects from the hands to the feet. …. I had on a one-piece style inmate jump suit…I stayed in this four-point restraint wearing the one-piece jump suit for over 40 hours while housed in a single cell in the B pod of the jail. I was unable to pull the jump suit down to use the restroom (bowel movements) due to the fact I was in a four-point restraint. I told jail staff that I needed to go to the bathroom but in return I was told Jim Schick ordered for the restraints not to be removed for no reason whatsoever. In the time I was in the restraints I was forced to have two bowel movements in my jump suit and on myself. Finally, on August 2, 2013, at around 9:45 a.m. an officer and sergeant by the name of Larry [saw] me and decided to take the restraints off and allowed me to shower.

(Doc. No. 1 at 3-4). Plaintiff further asserts in his pleading that after he defecated on himself he was forced to sleep in his own feces while he was in the restraints. (Doc. No. 4 at 2). Plaintiff seeks as relief "for [Defendant] to be reprimanded for his inhumane punishment" and for Defendant to be fired. (Id. at 4). Plaintiff also states that "something . . . needs to be done" to be "fair" to Plaintiff. (Id.).

As for whether Plaintiff exhausted his administrative grievances before bringing this action, Plaintiff alleges that when he asked jail officials for a grievance form after the alleged incident, they laughed at him and told him they did not have any forms. Plaintiff states that he was, therefore, denied the right to grieve his claim. (Id. at 3).

**II.    STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which

---

claims under 1983. See Hill v. Nicodemus, 979 F.2d 987, 990-92 (4th Cir. 2013).

relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

As noted, Plaintiff contends that Defendant Schick violated his right to be free from cruel and unusual punishment by ordering jail guards to keep Plaintiff in four-point restraints in a one-piece jump suit for more than forty hours, which resulted in Plaintiff defecating on himself twice and sleeping in his own feces. The Fourth Circuit Court of Appeals has held that similar allegations have been sufficient to state an Eighth Amendment claim based on excessive force and inhumane prison conditions. See Williams v. Benjamin, 77 F.3d 756, 760, 768 (4th Cir. 1996) (reversing the district court's grant of summary judgment to the defendants where the inmate was strapped down, spread-eagled, for 8 hours in 4-point restraints after being sprayed with mace and not permitted to wash it off, use a toilet, or receive medical attention). Nevertheless, here, Plaintiff only seeks injunctive relief in the form of having Defendant reprimanded or fired from his position at the jail. As noted, Plaintiff has been transferred away from the jail, and he is now incarcerated at Mountain View Correctional Institution. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse,

569 F.3d 182, 186 (4th Cir. 2009). Because Plaintiff is no longer incarcerated at the jail, Plaintiff's claim for injunctive relief is moot.[2] The Court will, therefore, dismiss this action without prejudice.

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice as moot.

2. The Clerk is directed to terminate the pending Motion to Proceed in Forma Pauperis, (Doc. No. 2), as it has been mooted by the Court's Order Waiving the Initial Filing Fee on November 27, 2013, (Doc. No. 7).

3. The Clerk shall terminate this action.

Signed: April 10, 2014

Frank D. Whitney
Chief United States District Judge

---

[2] The Court recognizes that Plaintiff stated that, as a remedy, he is seeking what is "fair" to him. The Court, however, cannot construe this as a request for monetary damages because the Court is not allowed to rewrite a pro se plaintiff's complaint for him to include claims that were not presented. See Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Because the dismissal is without prejudice, Plaintiff is free to bring another action seeking money damages based on the alleged constitutional violation against him.